# In the United States Court of Federal Claims

No. 18-273C
(Filed: June 2, 2021)
**NOT FOR PUBLICATION**

```
****************************************
GARY LEE SMITH,                        *
                                       *
                   Plaintiff,          *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                   Defendant.          *
                                       *
****************************************
```

## ORDER

When Plaintiff Gary Lee Smith filed this suit as an inmate at Federal Correctional Institution Marianna, this Court granted him leave to proceed *in forma pauperis* ("IFP"). *See* Motion (ECF 2); Order (ECF 6). Since then, Mr. Smith has not complied with rules governing IFP proceedings. The case is therefore dismissed for failure to prosecute. *See* RCFC 41(b).

A prisoner proceeding IFP must pay an initial partial filing fee from his prison trust fund account (or its institutional equivalent), followed by subsequent monthly payments in amounts determined by a statutory formula. 28 U.S.C. § 1915(b). After receiving leave to proceed IFP in 2018, Mr. Smith has made only a single partial payment of $2.46 toward the required $350.00 filing fee. In addition, despite relocating to other correctional facilities — most recently, Leavenworth Detention Center, *see* Notices (ECF 15, 16) — he has not provided the Court with the updated prison trust fund account information the Court requires to continue collecting partial filing fee payments.

On April 21, 2021, the Court noted Mr. Smith's noncompliance with the requirements to continue proceeding IFP and ordered him to file a certified copy of his prison trust fund account statement on or before May 21, 2021. Order (ECF 26). Mr. Smith was warned that failure to comply with that order may lead to dismissal for failure to prosecute. *Id.*; RCFC 41(b). May 21 has come and gone, and Mr. Smith has not complied.

This Court may dismiss a case for failure to prosecute when the plaintiff "fails … to comply with these rules or a court order." RCFC 41(b). Here, Mr. Smith's failure to comply with rules governing collection of filing fees from IFP plaintiffs — and with the Court's order — justifies dismissal. *See, e.g., Bryant v. United States*, 618 F. App'x

- 2 -

683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action.").

    This case is therefore **DISMISSED** without prejudice for failure to prosecute. The government's motion to dismiss (ECF 9) is **DENIED AS MOOT**.

    The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz<br>
STEPHEN S. SCHWARTZ<br>
Judge